## ARIAS v. USERA.

## ARIAS et al. v. SAME.

### Nos. 2411, 2412.

Circuit Court of Appeals, First Circuit.

Feb. 17, 1930.

David A. Buckley, Jr., of New York City, William Cattron Rigby, of Washington, D. C., and Jaime Sifre, Jr., of San Juan, Porto Rico, for appellants.

Henry R. Guild, of Boston, Mass. (Herrick, Smith, Donald & Farley, of Boston, Mass., on the briefs), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

These are two appeals from decisions of the Supreme Court of Porto Rico reversing adverse holdings of the District Court of San Juan, and ordering the issue of writs of mandamus to permit appellee, who held a certificate of stock in the Fajardo Sugar Company of Porto Rico dated February 25, 1928, to examine the stock and transfer books kept, as required by the Porto Rican law, in the island, and apparently in the possession or control of the appellant, Jorge Bird Arias, vice president and general manager.

Appellee moves to dismiss the appeals on the ground that the "value in controversy" does not exceed $5,000 as required by Act of February 13, 1925, 28 USCA § 225, Fourth. This motion must be allowed. There is no merit in appellants' contentions that if unsuccessful in their attempted denial of appellee's plain right to examine the books of the Fajardo Company, appellee would so use the information as to damage the company in excess of $5,000. The value of a stockholder's right to inspect the books of a corporation—whatever his purpose—is (at least under such circumstances as are here shown) purely speculative; certainly there is no showing of any such "value in controversy" as $5,000, either in damage or in benefit to the corporation. Fajardo Sugar Company v. Holcomb (C. C. A.) 16 F.(2d) 92, 94, is not in point.

In each case the appeal is dismissed for want of jurisdiction, no costs.